J-S17042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| EDWARD SHEED, | |
| Appellant | No. 913 EDA 2017 |

Appeal from the PCRA Order entered February 10, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0004550-2012.

BEFORE: BENDER, P.J.E., LAZARUS, J. and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 11, 2018**

Edward Sheed appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history are as follows: Marvin Brown testified that on June 10, 2011, at approximately 1:15 p.m., he was playing dice on the 1400 block of Allison Street when Sheed approached him, pointed a gun at his head, and reached into Mr. Brown's pants pocket and took a cell phone. When Sheed left, Mr. Brown followed him for a short time, in an effort to retrieve his property. As Mr. Brown decided to end his pursuit, Sheed pointed his gun at Mr. Brown, and shot him several times, first in the stomach, then, as Mr. Brown turned away, in his back. This latter shot severed Mr. Brown's spinal cord, rendering him a quadriplegic.

Mr. Brown testified that he had "hung out" with Sheed prior to the day of the shooting, and had known him only by his nickname, "Doobie." He also testified that he had learned Sheed's real name earlier on the day of the shooting, when he witnessed Sheed being stopped and questioned by the police. At trial, Mr. Brown unequivocally identified Sheed as the person who took his phone and shot him. Mr. Brown also testified that after waking up in the hospital he told his father that Sheed was the shooter. In addition, Mr. Brown testified that on June 21, 2011, eleven days after the shooting, he gave a statement to the investigating detective in which he identified Sheed as the shooter from a photo array shown to him.

Within two hours of the shooting, Philadelphia Police Detective Matthew Farley, the lead investigator on the case, had developed Sheed as a suspect in the case by tracing back 911 calls reporting the incident and talking with the callers. In addition, he took a written statement from Monica Hill, in which she stated that, although she heard the gunshots, she did not see the shooting. Sheed presented no defense.

Based on this evidence, the jury, on July 10, 2013, convicted Sheed of attempted murder and related charges. On September 10, 2013, Sheed appeared for sentencing. At that time, a discussion arose regarding the failure to call Monica Hill at trial. According to trial counsel, Ms. Hill refused to speak to him. Ultimately, the trial court imposed an aggregate sentence of 30 to 62 years if imprisonment. Sheed filed an appeal to this Court, after the trial court denied his post-sentence motion. In an unpublished

memorandum, filed on November 12, 2015, this Court affirmed Sheed's judgment of sentence. *Commonwealth v. Sheed*, No. 440 EDA 2014. Sheed did not file a petition for allowance of appeal.

On April 20, 2016, Sheed filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed a "no-merit" letter and petition to withdraw, pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), based upon PCRA counsel's conclusion that Sheed's petition was without merit. On January 17, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Sheed's petition without a hearing. Sheed filed a response. By order entered February 10, 2017, the PCRA court dismissed Sheed's petition. This timely appeal follows. Both Sheed and the PCRA court have complied with Pa.R.A.P. 1925.

On appeal, Sheed raises three issues: (1) trial counsel was ineffective for failing to call Ms. Hill to testify in his defense at trial; (2) PCRA counsel was ineffective for failing to amend his illegal sentence claim; and (3) PCRA counsel was ineffective for failing to raise a claim that trial counsel was ineffective for "ill-advising [him] not to testify on his own behalf due to [his] prior criminal record." *See* Sheed's Brief at 7.

This Court has recently reiterated:

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in

the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Medina*, 92 A.3d 1210, 1214-15 (Pa. Super. 2014) (citations omitted).

To be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S.A. section 9543(a)(2), and that the issues he raises have not been previously litigated or waived. *Commonwealth v. Carpenter*, 725 A.2d 154, 160 (Pa. 1999). An issue has been "previously litigated" if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue, or if the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence. *Carpenter*, 725 A.2d at 160; 42 Pa.C.S.A. § 9544(a)(2), (3). If a claim has not been previously litigated, the petitioner must then prove that the issue was not waived. *Carpenter*, 725 A.2d at 160. An issue will be deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b).

Because Sheed's claims challenge the stewardship of counsel, we apply the following principles. The law presumes counsel has rendered

effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on the appellant. ***Id.*** To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different." ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002).

In assessing a claim of ineffectiveness, when it is clear that the appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. ***Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995). Counsel will not be deemed ineffective if any reasonable basis exists for counsel's actions. ***Commonwealth v. Douglas***, 645 A.2d 226, 231 (Pa. 1994). Even if counsel had no reasonable basis for the course of conduct pursued, however, an appellant is not entitled to relief if he fails to demonstrate the requisite prejudice which is necessary under Pennsylvania's ineffectiveness standard. ***Douglas***, 645 A.2d at 232.

Here, Sheed first claims that trial counsel was ineffective for failing to call Ms. Hill as a defense witness at trial. In order to establish that trial counsel was ineffective for failing to investigate and/or call a witness at trial, a PCRA petitioner must demonstrate that:

> (1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant.

*Commonwealth v. Hall*, 867 A.2d 619, 629 (Pa. Super. 2005).

The PCRA court concluded that Sheed had failed to meet one of more prongs of the above test. It stated:

> [At sentencing, trial] counsel conceded the first three prongs of the [*Hall*] test, however, the record shows that the witness, Ms. Hill, refused to speak with defense counsel during the trial. As stated in the *Finley* letter, "[t]his would seem to indicate that Ms. Hill was not willing to testify for the defense." It was after trial when, during an interview, Ms. Hill stated she would have been willing to testify for the defense.
>
> Even assuming that the first four prongs of the [*Hall*] test are met, [Sheed] fails to prove the fifth prong. According to the *Finley* letter, Ms. Hill stated that she heard gunshots, and immediately got on the ground behind a car, she saw no gun (only a muzzle flash), she did not see who was holding the gun nor who shot Mr. Brown. In Ms. Hill's statement to police hours after the shooting she stated that she was in the area, heard four shots, ducked behind a car, ran after the shots stopped, later learned that Mr. Brown was shot, she lived a few houses from the shooting, did not see anyone with a gun, did not see the gun, and she did not see Mr. Brown get shot.

- 6 -

The fact that Ms. Hill did not testify was not so prejudicial as to have denied [Sheed] a fair trial. [Sheed] cannot meet the [*Hall*] test because he cannot prove by the preponderance of the evidence that Ms. Hill's testimony would have been beneficial under the circumstances. It is unlikely that Ms. Hill's testimony would have changed the outcome of the case.

PCRA Court Opinion, 9/1/17, at 5 (citations omitted). We agree with the PCRA court's conclusion that Sheed did not meet his burden of establishing trial counsel's ineffectiveness for failing to call Ms. Hill as a defense witness.

Sheed's claims to the contrary are without merit. He posits two reasons. First, according to Sheed, Ms. Hill was an "[e]xculpatory witness at the court house and was more than willing to testify specifically, that [he] was not the shooter and was not out there when [Mr. Brown] was shot." Sheed's Brief at 10. Second, Sheed refers to his subsequent trial for first-degree murder following Mr. Brown's death, at which Ms. Hill testified that he was not in the area when Mr. Brown was shot. According to Sheed, the fact that a jury acquitted him of all charges at the end of this trial establishes that Ms. Hill's similar testimony at his first trial would have changed its outcome.

Our review of counsel's *Finley* letter does indicate that Ms. Hill informed counsel that she did not see Sheed in the area when the shooting occurred. Nevertheless, the PCRA court credited trial counsel's statement at sentencing that Ms. Hill refused to speak with him during Sheed's trial. We cannot disturb this credibility determination. *See Commonwealth v. Johnson*, 51 A.3d 237 (Pa. Super. 2012) (explaining that, when supported

- 7 -

by the record, the PCRA court's credibility determinations are binding on an appellate court).  Moreover, Ms. Hill's statement in her affidavit that she saw Mr. Brown get shot, would contradict her previous written statement she gave to the police.  Finally, the fact that Ms. Hill testified at Sheed's subsequent murder trial does not mean that her testimony alone resulted in Sheed's acquittal.  Once again, Ms. Hill's 2017 testimony contradicted her 2011 statement to police given near the time of the shooting.

Sheed's remaining claims challenge PCRA counsel's ineffectiveness.  Because, he did not raise such a claim in his response to the PCRA court's Rule 907 notice, the claim is not preserved for review.  **See generally**, **Commonwealth v. Ford**, 44 A.3d 1096 (Pa. Super. 2012).  Nevertheless, we readily agree with the PCRA court that each claim is meritless.  Our review of the record reveals that the trial court did not sentence Sheed pursuant to a mandatory minimum sentence that has been found to be unconstitutional.  In addition, contrary to Sheed's belief, his prior robbery conviction does constitute a *crimen falsi* conviction that would have been admissible had he chose to testify at trial.  **See generally**, **Commonwealth v. Yarris**, 549 A.2d 513 (Pa. 1988).

In sum, none of the ineffectiveness claims raised by Sheed entitles him to relief.  We therefore affirm the order denying his amended PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/18